LESLIE D. KING, JUSTICE
¶ 1. This matter is before the Court en banc on the Formal Complaint against David E. Hudgens. The Mississippi Bar filed a formal complaint pursuant to Rule 13 of the Mississippi Rules of Discipline, requesting that this Court discipline Hudgens.
¶ 2. Hudgens self-reported a trust account violation to the Alabama State Bar. He knowingly misappropriated a client's trust account funds and then misrepresented to the client that the funds were still available. He consented to disbarment in Alabama, and the order from the Alabama Supreme Court disbarring him was entered October 20, 2016, effective as of September 30, 2016. Hudgens represents that he is working towards an acceptable restitution program with the client.
¶ 3. On November 3, 2016, Hudgens self-reported his Alabama disbarment to the Mississippi Bar. Hudgens is an active member in good standing with the Bar. Hudgens represents that his practice in Mississippi has been limited. The Bar filed a Formal Complaint against Hudgens pursuant to the Rule 13 of the Rules of Discipline for the Mississippi State Bar. MRD 13. Rule 13 provides that
When an attorney should be subjected to disciplinary sanctions in another jurisdiction, such sanction shall be grounds for disciplinary action in this state, and certification of such sanction by the appropriate authority of such jurisdiction ... shall be conclusive evidence of the guilt of the offense or unprofessional conduct on which said sanction was ordered .... The sole issue to be determined in the disciplinary proceeding in this state shall be the extend of the final discipline to be imposed on the attorney, which may be less or more severe than the discipline imposed by the other jurisdiction.
MRD 13.
¶ 4. Hudgens filed an answer, in which he admitted all the allegations of the formal complaint. The Bar requests that this Court "appropriately discipline Mr. Hudgens" and order Hudgens to pay the costs and expenses occasioned by the filing of the Formal Complaint and all other relief the Court deems proper.
¶ 5. While Hudgens is certainly cooperative in this proceeding, he offers no reason or argument why the reciprocal discipline should not equal that of the Alabama Supreme Court. Therefore, based on the record before us, and consistent with the Rules of Discipline for the Mississippi Bar and our caselaw, this Court finds that David E. Hudgens shall be disbarred.
¶ 6. IT IS, THEREFORE, ORDERED, ADJUDGED, and DECREED as follows:
1. David E. Hudgens is hereby DISBARRED from the practice of law in the State of Mississippi;
2. This order shall constitute notice of disbarment in this cause;
3. The Clerk of this Court shall forward an attested copy of this order to David E. Hudgens and the Executive Director of the Mississippi Bar;
4. David E. Hudgens shall, within thirty days following entry of this order, notify clients and affected courts of his disbarment, properly disburse all funds he may hold in trust, and comply with all other requirements applicable to disbarred attorneys pursuant to Mississippi Rule of Discipline 11 ;
5. David E. Hudgens shall, within forty-five days following entry of this order, file an affidavit with this Court stating that all of his clients have been notified of his disbarment and his consequent *163 inability to practice law in Mississippi, and that he has complied fully with all the requirements set forth in Mississippi Rule of Discipline 11, as well as the requirements of this order;
6. The Clerk of this Court shall immediately forward an attested copy of this order to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi, the Clerk of the United States Court of Appeals for the Fifth Circuit, and the Clerk of the Supreme Court of the United States;
7. Costs of the formal complaint are hereby assessed against David E. Hudgens.
¶ 7. SO ORDERED, this the 18th day of April, 2017.